Your Honors, Andrew Schwartz at the hearing on behalf of the plaintiff. I believe that the lower court reached their own decision by dismissing this case. I motion for summary judgment. I want to point out before there was a prior trial to this administrative hearing. Testimony was taken and that judge found discrimination. Found that the witnesses for the agency were not believable. And I think the record shows consistently the agency went out of their way to hire this woman, including accepting her application after the deadline. She didn't meet any of the standards that were required to be a student under this SCEP program. She had to be a full-time student. She wasn't. She had to be carrying 12 units. She had to pass them. She didn't. She had to have a relevant major, which had to be business. She was majoring in psychology. She didn't have the proper background, sufficient time in the position. And so consistently everything was disregarded on her behalf. And also I think it's important to point out that in this office out of 22 employees, there are only five men there. And I think the evidence shows they consistently went out of their way to hire her. And the standard we're talking about here is whether there's sufficient evidence to raise a genuine issue of material fact as whether their decisions were pretested on. And I think we've certainly reached that point, to go from the point where a judge finds discrimination. And I know this is a de novo situation, but to find there is discrimination, and then another judge comes along saying there's not even an issue of material fact here. So your point is that while the precise weight of an administrative finding that the Supreme Court tells us is admissible, the precise weight may be in question, but it at least has enough weight to preclude summary judgment and permit a trial on the issue. What I'm saying is there should be a certain amount of weight given to that situation where a trier of fact heard the witnesses testify. But it's a very strange business. Why is that? I mean, what are you giving weight to? Somebody else's opinion about whether they're credible. Why shouldn't we? They were just as qualified as anybody else. They're a trier of fact. They're an administrative judge. Do we ordinarily do that? Do we ordinarily say, have declarations saying I've heard so-and-so's story and I believe it? This is testimony that was taken. Trier of fact sits there, weighs the value of that testimony, then against the evidence that's produced about what the requirements are for that position. A trier of fact's not in court. And we don't know much about this trier of fact. That's right. We don't usually. Ordinarily, if something is being – I understand – I mean, I understand the Supreme Court is saying this. I don't understand what we're supposed to do with this kind of thing. Because it's simply somebody else's opinion about the same facts. It's as if you had a trial and you had two different juries, and one jury came to one conclusion and another jury came to a different conclusion. Is that going to make it – are we going to give one jury has to listen to the other jury? There weren't two trials there. I understand that. I understand that. And you certainly have a stronger argument because of summary judgment than if it weren't summary judgment. And you have somebody here who specializes in this kind of case, the administrative law judge for the EEOC, is well-schooled in the knowledge of the case law and everything else. And I assume – I was an administrative law judge before in the same situation for the EEOC. You probably thought you were very expert. So I would – you listen to lots of cases. You make a judgment about the credibility of witnesses also. And if you had another person down the hall who heard the same witnesses, they might come out with something else. Now, why is a federal court – I mean, just conceptually, I just have a very hard time understanding why a federal court hearing something de novo is supposed to do but your opinion of the facts. Every judge reaches a different situation. Counsel, maybe we should approach it from this direction. The Federal Rules of Evidence Governing Hearsay says that under certain circumstances, the findings of an administrative agency authorized by law to do such and such are admissible against a hearsay objection. And the problem I think some of the members of the panel are having is that's only hearsay. There's still the problem under what circumstances is opinion evidence admissible under the 700 series. And this appears to be an opinion. So does it come in as lay opinion? Does it come in as expert opinion? And if it's expert opinion, is that enough to defeat a motion for summary judgment? Well, if you want to look at the comparative situation, the Merit System Protection Board is a similar situation, administrative hearing. And yet the standard is a totally different one. It says it has to be arbitrary and capricious and not based on facts. Yet it's the same kind of situation. So there's a lot of – Exactly. That's a congressional decision that's been made about the fact that in that context, we're going to defer to the administrative agency. But here are the determinations being made that we're not going to defer to the administrative agency. I understand that it's a similar situation like that. And, again, like I'm just saying there should be a certain amount of deference given to somebody hearing testimony. Well, how should – for example, let's assume this came up exactly as it did. And the opponent to the admissibility of the findings objects on hearsay and opinion grounds. Now, we know that the hearsay rule exempts this. So the hearsay objection would fail. Would the opinion objection fail as well? I'm not sure I can't give you an answer on that because I agree with you about the hearsay. But I don't know if that was raised at all anywhere. I don't see anywhere in the record that anybody objected to opinion or any of that sort coming into this matter. If you want to look, just look at the record as well. Besides not focusing just on the decision that was rendered by the administrative judge, there were so many issues raised here that were just, you know, to me a red flag of discrimination. I mean, like I said before, her application was accepted a month after. And after Ms. Kelly said to, you know, told her about the case, about the job opening, she didn't meet their standards under the regulations. She failed classes. And they made every effort they possibly could to disregard all those obligations they had under the different rules, her as a student versus him as a regular applicant, and bent over backwards to get her hired. Why does that raise the inference of pretext? Obviously, they can choose somebody who's less experienced or less qualified, assuming they were making that decision, as long as it's not for an impermissible reason. Well, what I'm trying to say is male versus female. In the office, 22 people there, only five are men. They don't bend over backwards for him. They bend over backwards for her. She does about 10 or different things wrong. She's not even qualified to apply for this job, yet they hire her anyway. And based on just how many people are female versus male in the office, is that the sole item that really raises the inference of pretext? That's one of them, but if you look at the facts that are in here, I mean, applying a month after the close of applications for the position, they accept her to apply. She doesn't meet the standard under the student regulations of having 12 units and passing them. So they say it doesn't matter. They sit there and they – They may have liked her better. I mean, she may have been very charming or whatever, but that doesn't raise the issue to overcome the summary judgment. There has to be the pretext. But this is the pretext. I mean, it's male versus male. All the people that are involved, you know, Kelly is female. The vast majority of people obviously there are female. Here, I mean, if it was one thing, say, she's late or something with her application, I can see a problem. But consistently here, she doesn't meet the standard under the regulations of even being hired, and yet she gets hired. And are the people who interviewed her and made the initial decision, the people who would also pass on her eligibility, there's an argument made that they're not really the decision-makers as to eligibility. They're only interviewing. Well, that's an argument they made. But Kelly is the person who encouraged her to apply after that. Kelly testified that she was a full-time student under the regulations, so she was obviously aware of this. It's just a sham, if you ask me, on this. If you look at the totality of event after event taking place to do everything they could to hire her when she didn't meet the standards. And they knew that she didn't meet the standards consistently. How was the they who knew? The selecting official was Ms. Kelly. But that's what Judge Acuda was asking her. Do we know that, that she knew that she didn't meet the standards? Well, she testified that she said she was doing this and knowing full well that she hadn't met the standards. And it says, like, you have to have an appropriate major, which had to be, like, business, and you had to have a certain amount of units to qualify at that point. And she even testified, the selectee said, I don't have that major. I have a psychology major. So they were aware of those things, and they disregarded those. There was a qualifications requirement, and did she have a business major? Yeah, or related to the job she was getting. And she told them, she said, oh, I never had a business major. I had a psychology major. Did it say business major, or it said something related? Business or related. And that psychology was not one of them. Thank you. Your time is up. Thank you very much, counsel. Good afternoon, Your Honors. Assistant United States Attorney Kevin Finn on behalf of the Secretary. This is an uncomplicated case. It's uncomplicated except for this little wrinkle about the ALJ having determined otherwise. And I'm not sure I've seen a case like that before. I mean, here we have a situation where the person who saw the witnesses came out one way, and the district judge who didn't see the witnesses came out the other way. It's a de novo standard, and yet we're told that the ALJ opinion can be introduced. What do we do with that? Well, it can be introduced. It can be examined. And depending on what is in that opinion, a decision can be made on how to meet. Because what was in that opinion was, you know, I saw this witness, and as far as I'm concerned she just looked like a liar to me. And in summary judgment, we never have that opportunity. So do we believe that? Do we give it weight? What do we do with it? We contend that the court would give no weight to that statement. Well, then what is the function of introducing this thing at all? Would you give weight to anything in it? Under what circumstances would you give it any weight? It may have statements from witnesses in it. It may have evidence in it, and the court can consider that. So you would say you could not give weight to the assessment, but you would just give weight to some facts in it. Exactly. Not the assessment of the writer. That would be the contention of the secretary. As the court pointed out earlier, the legal statement is that it is admissible. But beyond that, there is not a statement that I'm aware of. But then under the rule they say it matters how skilled the decision maker is. Why would that be? I've been looking high and low for any explanation for what we're supposed to do with this, and I can't come up with one. Well, I think in this case especially, there should be no weight given to the opinion of the administrative judge because the facts, the limited facts that are contained in the record, lie that the judge perhaps was misdirected about those opinions. For example, the issue about the closing date for the application. The administrative judge stated that Ms. DeAnda's application came in after the closing date of June 27th, but the actual evidence in the record is that Ms. Kelly testified that the closing date that the judge was looking at was the closing date for the DelEx announcement under which Mr. Martinez applied, but not the closing date for the student announcement under which Ms. DeAnda applied, and that there wasn't a closing date for that. So there should be no weight given to, even if the court could ordinarily give weight to that opinion. In this case, there should be no weight given to that. Just to kind of try and think it through, if this isn't, you had suggested earlier that the opinion is admissible for the facts that were stated. The facts that were stated was that this was the closing, that there was no, that it was beyond the closing date. Somebody comes in and gives contrary evidence that it wasn't beyond the closing date. If we're admitting the opinion for the fact that there was, it was beyond the closing date, then we have two contradictory statements. It was beyond the closing date and it wasn't beyond the closing date, and then on that theory, summary judgment should not be granted. I would agree with the court if, in fact, there was evidence that it was beyond the closing date. But if the opinion is evidence, then it's evidence. You suggested earlier that it could be. I'm not trying to hold you to your statement because it's a mystery, but the answer you gave may be a perfectly sensible one, but it doesn't seem to work very well because it would lead to the conclusion that we would then have a contradiction of material facts. We'd go to trial on that question. Well, I believe what I said earlier, Your Honor, was that the decision might have evidence in it which the court could put weight on. It did have evidence. It was a statement of fact. That was the statement of fact. Somebody else came in and gave a contrary statement of fact. What do we do now? I would disagree with that. There was no statement of fact that it was beyond the closing date. There was a closing date for the DELEX announcement under which Mr. King... But there is in the opinion a statement of fact. You're telling me why it's wrong. And you may be right that it's wrong, but it is in there. I don't believe that a statement – that a conclusion by the administrative judge is a statement of fact. The conclusion by the administrative judge is that it was beyond the closing date. There was no evidence that it was beyond the closing date. And her opinion referenced a closing date for an announcement that didn't apply to the student, showing that it was clearly an improperly founded opinion. But I think the crucial issue is that Mr. Martinez, having chosen to seek a de novo review of that decision in district court, is obligated to submit significant sufficient evidence to meet his burdens of proof to establish that there was a genuine factual issue as to any of those issues. And there's a complete failure on his part at the district court level to submit that evidence. And there's a complete failure on his part to submit that evidence for this court's de novo review of the same issues. I can direct the court to the site if the court was looking for the evidence in terms of the delicts. But as to all of the claims that Mr. Martinez has made as to there being factual issues, they are not actually supported by evidence in the record, either in the record or even evidence that may be considered by the court in the decision. For example, the – Counsel. Counsel, apparently there seems to be an agreement between counsel at this stage that as to this particular claim, the case proceeded on the prima facie case. The – Mr. Martinez introduced sufficient evidence to create the presumption. The defense then came in and showed an alternate reason. And the question then devolves on whether that alternate reason was pretextual. In large measure, that turns on a judgment as to the state of mind of Ms. Kelly, the person who made the ultimate decision. Shouldn't questions of state of mind be sent to the jury? No, Your Honor. First, I would like to make certain that the court appreciates that as to the prima facie case, that is only as to gender discrimination for the Boyle-Hikes position. Correct. Everyone else, including the administrative judge, found that he did not make a prima facie case as to the Wilshire position, as to the rehabilitation claim. Right. And the only matter that I heard counsel argue was on that – the gender case. Then as to the pretext, I would state no, that the summary judgment is appropriate on the issue of pretext. And Mr. Martinez has the obligation of showing substantial evidence that there is pretext. But hasn't the Supreme Court said at least for summary judgment level, the prima facie case itself could rebut the pretext or at least permit a jury to find that the pretext is there? It can. I believe that if there's a prima facie case established, that it can allow the plaintiff to go directly to the pretext case. But at all times, he still has that burden of establishing that there is evidence to support. Well, the jury has to be so instructed. But isn't it a jury question? No, it can be decided on summary judgment. If there's no evidence to support his claim of pretext, then in this case there is no evidence to support his claim of pretext. There was evidence that he had greater qualifications than the female applicant and that the interviewers in the majority of that office were female. And I guess my question was, short of direct evidence of discrimination, and we know that's only one of the two ways that you can find pretext, what more could Mr. Martinez have shown that would get him to the jury, as Judge Singleton is noting? Well, I don't know what he could have shown in this case because the evidence is that there was no pretext. Well, let's assume that in her heart of hearts, Ms. Kelly had made a determination that she had the wisdom never to articulate, and that is, I will never hire a man. What if that's her true motivation? How does he prove that, other than have her admit it, confess? Well, there may be statements from her. There may be statements from other individuals. That's the direct evidence. I mean, the indirect evidence of he was more qualified than she was, and the interviewers in every one or the majority of the workers in the office are female, a disproportionate number. Why isn't that enough? I don't believe that the evidence is that he was more qualified. He had more years of experience, but the position that they were applying for, she was equally as qualified for the student position. But not in a paper way. I mean, in other words, only completely subjectively, right? Because she didn't have the, she was in school. If she was a full-time student, it was marginal. She was not taking the classes that they said she was supposed to be taking, at least that much. I think that the evidence that is in the record is that she was a full-time student. She met all of the requirements. She was taking, she was a business administration. She took, apparently, 11 credits rather than 12 and failed one of them, so in the end she actually took seven credits that semester, or got credit for seven credits. The record reflects, in fact, that she. And then the next semester, I don't think she took anything. She took 15, enrolled in 15 units the next semester. And finished none of them. Finished 12. I thought she finished none of them. The next semester I thought she just washed entirely. That was the semester after that where she graduated. All right. The administrative judge said that she had 11 units, but the actual evidence was that there were seven units that were completed in a one five-unit course that was not completed, which I believe seven plus five would be 12 units. And she also testified, missed the end, and that she then made up that course in the summer afterward. So, again, that is a claim that Mr. Martinez is making, is that she didn't have the full-time units. But, in fact, the evidence in the record is that she did. And the evidence is that the requirement is for her to be a full-time student. In parentheses, note, this generally may be 12 units. But there's no evidence that he presented to show that would be the type of evidence the court is asking for. He could show that, in fact, she was required to take 12 units. He didn't. Thank you very much, counsel. Thank you, Your Honor. And we will submit the case of Martinez v. Astrup and go on to Ellis v. Rouhani.
judges: Berzon, Ikuta, Singleton